## Dehrone License

*Milton J. Goodman,* for Commonwealth.

*Elias W. Spengler,* for appellant.

PALMER, J., February 8, 1960.—This is an appeal from the action of the Secretary of Revenue suspending appellant's driving privileges for "fifteen days and until such time as sufficient medical evidence is established."

There is no dispute as to the facts which are as follows:

At approximately 3:30 p.m. on May 28, 1958, appellant was driving his automobile on Chew Street in the City of Allentown. He started to feel dizzy as he crossed Hamilton Street. Because traffic was heavy, he was unable to reach a parking place before he "blacked out" from insulin shock and collided with several parked automobiles.

Appellant has been a diabetic for 15 years. He has operated a motor vehicle for 32 years. Since becoming a diabetic, he has "blacked out" on but two or three occasions prior to the day of the accident. On none of these was he operating a motor vehicle. He has been under the care of various physicians during the course of his illness. On the day in question he had received an insulin shot from a Dr. Helwig one hour before the accident. Appellant testified that each time he has suffered from insulin shock, it was preceded by dizziness, thus giving him warning of the coming of the shock. He stated he always carries sugar or candy with him.

Counsel for appellant and counsel for the Commonwealth stipulated that Dr. Helwig is a diabetes specialist and if called to testify, he would say that in his professional opinion appellant is competent to drive an automobile although he could not guarantee he would not again suffer insulin shock.

Appellant is 48 years old and both he and his wife are employed in industrial plants located a considerable

distance from their residence. Loss of his operating privileges would cause a severe hardship. He appeared to the hearing judge to be a conscientious man who was sincere when he stated that if his license is not suspended, he will obey whatever instructions and orders are given to him by his physician, and he would heed any warnings that insulin shocks might be coming on.

Neither counsel nor the court has found any reported case in which an operator's privileges were suspended because of a fear of diabetic shock. We do not believe there is any more risk of appellant causing injury to himself or others by reason of his condition than there is of the average driver who may suffer a heart attack or any one of a number of conditions which might cause sudden loss of consciousness: Commonwealth v. Miller, 89 D. & C. 486. Under the circumstances we believe it would be unjust to deprive this driver of the needed use of his automobile.

At the department hearing the examiner stated the suspension was based upon the reckless driving of defendant on the occasion in question. We do not believe the facts in the instant case support such a charge. It is undisputed that appellant felt a wave of dizziness coming over him. He recognized he was going into insulin shock, but because of heavy traffic was unable to find a place to bring his vehicle to a stop before the onslaught of the attack. Such conduct, in our opinion, does not constitute reckless driving.

### Order

And now, February 8, 1960, the action of the Secretary of Revenue in suspending the operator's privilege of Wilbert H. Dehrone is revoked, and it is ordered and directed that said privileges be restored and reinstated to the said Wilbert H. Dehrone.